IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDMUNDS HOLDING COMPANY, ) <br> A Delaware Corporation, and ) <br> ) <br> EDMUNDS.COM, INC., ) <br> A New York Corporation, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AUTOBYTEL INC., ) <br> ) <br> Defendant. ) | C.A. No. 08-149 (SLR) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF
<u>SUBJECT MATTER JURISDICTION UNDER FED. R. CIV. P. 12(B)(1)</u>**

Defendant Autobytel, Inc. ("Autobytel") files this memorandum in support of its motion to dismiss all counts of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

**I.      BACKGROUND**

On March 13, 2008 Edmunds Holding Company and Edmunds.com, Inc. (collectively, "Edmunds") brought a Declaratory Judgment action for non-infringement of U.S. Patent No. 6,282,517 (the "'517 patent") although Autobytel had made no representations whatsoever to Edmunds regarding enforcement of the '517 patent against Edmunds. Autobytel did not send Edmunds a letter regarding licensing or infringement, nor has Autobytel engaged in any communication regarding the '517 patent and any potential infringement by Edmunds. In fact, despite numerous subsequent conversations between Edmunds and Autobytel, Edmunds has identified no belief that there existed any conflict at all regarding the '517 patent at the time of filing the present suit. This lack of

legal adversity between the parties demonstrates that there was no "case of controversy" as required under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

## II. SUMMARY OF RELEVANT DECLARATORY JUDGMENT JURISDICTION LAW

"Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for a lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction." *Samsung Elecs., Co., Ltd. v. On Semiconductor Corp.*, 541 F. Supp. 2d 645, 648 (D. Del. 2008) (internal citations omitted). When a motion to dismiss calls into question the factual existence of subject matter jurisdiction, "the court is free to weigh evidence outside the pleadings to resolve factual issues bearing on jurisdiction and to satisfy itself as to the existence of its power to hear the case. Therefore, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating the merits of jurisdictional claims for itself." *UD Tech. Corp. v. Phenomenex, Inc.*, 2007 U.S. Dist. LEXIS 642, at *4-5 (D. Del. Jan. 4, 2007) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

The standard a court must use thus, "depends in part on the record of evidence for a case or controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Declaratory Judgment Act provides, in relevant part: 'In a case of actual controversy within its jurisdiction…any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.' 28 U.S.C. § 2201(a)." *Micron Tech., Inc., v. Mosaid Techs., Inc.*, 518 F.3d 897,

901 (Fed. Cir. 2008). "The plaintiff bears the burden of proving the existence of an actual controversy by a preponderance of the evidence with regard to their declaratory judgment complaint." *Samsung*, 541 F. Supp. 2d at 648.

The Supreme Court has stated that when determining whether a set of facts present a "case of actual controversy" sufficient to grant subject matter jurisdiction pursuant to the Declaratory Judgment Act, courts must determine whether that set of facts constitutes a "case or controversy" pursuant to Article III of the U.S. Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007). While "[t]he Supreme Court has not articulated a bright-line rule for distinguishing those cases that satisfy the actual controversy requirements form those that do not." *Sony Elecs., Inc. v. Guardian Media Techs.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007). The Court did explain that when determining if an Article III case or controversy exists:

> Our decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." In Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941), we summarized as follows: ***"Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."***

*MedImmune*, 127 S. Ct. at 771 (emphasis added).

In applying this rule, the Federal Circuit did opine as follows, (which is instructive in this case): "In the context of conduct prior to the existence of a license, declaratory judgment jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to

3

pose a risk of infringement, without some affirmative act by the patentee." *Sandisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007), *see also Micron Tech., Inc., v. Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008) ("In short, 'all the circumstances' must show a controversy.") (Finding an "actual controversy" where party did more than send threatening letters and other behavior that threatened part).  The Federal Circuit has made it clear that there must be some affirmative action on the part of the patentee to give rise to an Article III case or controversy.  *Sandisk*, 480 F.3d 1372.

### III.  THIS COURT DOES NOT HAVE DECLARATORY JUDGMENT JURISDICTION OVER AUTOBYTEL

The facts of this case fail to constitute a "case of actual controversy" as required by the Declaratory Judgment Act.  Consequently, there is no subject matter jurisdiction, and the Court should dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1).  Even the most liberal reading of the standard put forth by the Supreme Court requires some indicia of adversity, immediacy and reality, none of which exist in the present case.  Rather, this case presents the rare instance of a party bringing a declaratory judgment action where the patentee has not taken a single affirmative act with respect to the plaintiff.  No case to date has found subject matter jurisdiction in such a situation.

Autobytel has made no threat to sue Edmunds for infringement of the '517 patent.  Autobytel has written no letters regarding Edmunds' business activities vis a vis the '517 patent.  Autobytel has made no representations to Edmunds regarding the likelihood that Edmunds is infringing the '517 patent.  Furthermore, the complaint makes no claim that Autobytel has done anything to indicate that at the time Edmunds filed the suit Autobytel held an adverse legal interest to Edmunds.  This lack of adversity cripples

Edmunds' position that "a substantial controversy of sufficient immediacy and reality" exists. [Complaint ¶ 15]

Since Autobytel had not in any way suggested that Edmunds might infringe the '517 patent, Edmunds' complaint instead points to a number of instances where Autobytel has asserted the '517 patents against third parties. [Complaint ¶¶ 11-14] Edmunds then uses these data points to extrapolate a hypothetical controversy that might exist should Autobytel take a similar position with respect to Edmunds' business activities, which it had not. [Complaint ¶ 15] This reliance on hypothetical belies Edmunds' claims of immediacy and reality.

At the time of filing, no immediate controversy existed between Autobytel and Edmunds. Edmunds had perceived no cognizable threat to any legally protectable right. Edmunds' business activities were not at risk or being threatened, Edmunds market activities were not being targeted, nor were there any indicia that such a targeting was imminent. Instead, Edmunds relies on a hypothetical: that at some point in the future, it is possible that Autobytel and Edmunds might have a substantial controversy. By definition, this controversy is not immediate. It exists only in a possible future dreamed up by the Plaintiffs.

Edmunds' alleged controversy is in no way grounded in reality. As has been demonstrated, it is instead a speculation based entirely on Autobytel's actions with respect to third parties. This hypothetical in no way demonstrates sufficient reality to constitute a "case of actual controversy" as required by the Declaratory Judgment Act.

This is exactly the type of situation the Federal Circuit alluded to in *Sandisk*. Edmunds has failed to demonstrate any adversity, immediacy or reality – each

of which is required to establish subject matter jurisdiction under the Declaratory Judgment Act. There is simply no basis to show an "actual controversy" (or any controversy) exists.

## IV. CONCLUSION

For the forgoing reasons, this Court should dismiss plaintiff's declaratory judgment complaint for lack of subject matter jurisdiction.

                          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                          */s/ James W. Parrett, Jr.*
                          _____
                          Thomas C. Grimm (#1098)
                          James W. Parrett, Jr. (#4292)
                          1201 N. Market Street
                          P.O. Box 1347
                          Wilmington, DE  19899-1347
                          (302) 658-9200
                          tgrimm@mnat.com
                          jparrett@mnat.com
                          *Attorneys for Defendant*

*OF COUNSEL:*

Timothy J. Haller
Gregory P. Casimer
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL  60602-4515
(312) 236-0733

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered participants.

I also certify that on June 18, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY E-MAIL**

Melanie K. Sharp
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE LLP
One International Place, 14th Floor
Boston, MA  02110-2600

*/s/ James W. Parrett, Jr.*

James W. Parrett, Jr. (#4292)
jparrett@mnat.com